IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Mays,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Cavalry Staffing LLC,<br><br>　　　　　　　Defendant. | No. CV-14-02593-PHX-GMS (ESW)<br><br>**ORDER**<br>**AND**<br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:**

Currently pending are the following two motions filed by Defendant Cavalry Staffing LLC ("Defendant"): (i) Motion to Stay Entry of Order to Allow Judgment Debtor to File a Rule 60 Motion (Doc. 38) and (ii) Motion to Set Aside Default Judgment (Doc. 41). These motions are before the undersigned pursuant to the Court's referral.[1] (Doc. 39). As the undersigned deems oral argument unnecessary to a determination of the Motion to Set Aside Default, Defendant's "Request for Oral Argument Re:

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(A), a magistrate judge has the authority to hear and determine certain "non-dispositive" pretrial motions in cases where the parties have not consented to a magistrate judge's exercise of jurisdiction. The Motion to Set Aside Default Judgment (Doc. 41) is arguably dispositive. *See, e.g., U.S. v. Real Property*, 135 F.3d 1312 (9th Cir. 1998); *Sims v. EGA Products, Inc.*, 475 F.3d 865 (7th Cir. 2007). Accordingly, in an abundance of caution, the undersigned is ruling on the Motion to Set Aside Default Judgment (Doc. 41) by this Report and Recommendation.

Defendant's Motion to Set Aside Default Judgment" (Doc. 46) is denied.

## I.  PROCEDURAL BACKGROUND

On November 25, 2014, Plaintiff Charles Mays ("Plaintiff") filed a Complaint (Doc. 1) alleging that Defendant violated (i) Title VII of the 1964 Civil Rights Act (42 U.S.C. § 2000e) by treating Plaintiff disparately on the basis of his race and (ii) 42 U.S.C. § 1981 by discriminating against Plaintiff based on his race in the performance, modification, and termination of his employment contract.

In December 2014, Plaintiff filed proofs of service indicating that Plaintiff effectuated service on Defendant by mailing the Complaint and Summons to Defendant's designated service agent, Business Filing Inc. (Docs. 7, 13).  Defendant failed to timely answer.  On January 15, 2015, upon receipt of Plaintiff's Application for Entry of Default (Doc. 16), the Clerk of Court entered default against Defendant (Doc. 19).  After a March 2015 hearing, the Court entered a default judgment awarding Plaintiff $88,965.70 to be paid by Defendant.  (Docs. 24, 25, 32).

On July 21, 2015, Plaintiff filed an Application for Writ of Garnishment (Doc. 33) to Garnishee Enterprise Leasing Company of Phoenix, LLC ("Garnishee").  The Clerk of Court issued a Writ of Garnishment and Summons, which Plaintiff served on Garnishee on August 12, 2015.  (Docs. 34, 35).  Garnishee, through counsel, filed its Answer on September 16, 2015 (Doc. 37).[2]

On September 29, 2015, Defendant filed a Motion to Stay Entry of Order to Allow Judgment Debtor to File a Rule 60 Motion (Doc. 38).  Plaintiff responded (Doc. 40), but Defendant did not file a Reply.

On October 7, 2015, Defendant timely filed a Motion to Set Aside Default Judgment (Doc. 41) asserting that Defendant's failure to answer the Complaint is the result of excusable neglect and is therefore entitled to relief under Rule 60(b)(1) of the

---

[2] Garnishee also filed an Answer on August 31, 2015, which appears to have been completed without assistance of counsel (Doc. 36).

- 2 -

Federal Rules of Civil Procedure.[3]  Plaintiff responded (Doc. 44) and Defendant replied (Doc. 45).

## II.  DISCUSSION

"Once default judgment has been entered, relief is governed by Rule 60(b) [of the Federal Rules of Civil Procedure]." *Brandt v. Am. Bankers Ins. Co. of Florida*, 653 F.3d 1108, 1111 (9th Cir. 2011).  As a general matter, Rule 60(b) is "remedial in nature and therefore must be liberally applied." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) (per curiam).  The Ninth Circuit has emphasized that default judgments are "appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id.*  "Put another way, where there has been *no* merits decision, appropriate exercise of district court discretion under Rule 60(b) requires that the finality interest should give way fairly readily, to further the competing interest in reaching the merits of a dispute." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001) (emphasis in original).

Rule 60(b) sets forth six circumstances in which a Court may relieve a party from an order, one of which is for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).  "The determination of what conduct constitutes 'excusable neglect' under Rule 60(b)(1) 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Brandt*, 653 F.3d at 1111 (quoting *Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 395 (1993).  In addition, the court's discretion in granting relief under Rule 60(b)(1) is guided by three factors:[4] (i) whether culpable conduct of the defendant led to the default; (ii) whether the plaintiff will be prejudiced; and (iii) whether the defendant has a meritorious defense. *Falk*, 739 F.2d at 463.  For the reasons discussed below, the undersigned finds that the

---

[3] A motion under Rule 60(b)(1) must be made no more than a year after the entry of the relevant judgment, order, or proceeding.  Fed. R. Civ. P. 60(c).  Plaintiff does not dispute that the Motion to Set Aside Default Judgment is timely.

[4] Courts consistently refer to these factors as the "*Falk* factors." *Brandt*, 653 F.3d at 1111.

*Falk* factors weigh in favor of setting aside the default judgment.

### A. Culpable Conduct

The Ninth Circuit has instructed that "a defendant's conduct is culpable if he [or she] has received actual or constructive notice of the filing of the action and intentionally failed to answer." *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). In this context, however, "intentional" does not have the same meaning as in many other legal contexts (i.e. an act or omission taken by an actor knowing what the likely consequence will be). *TGI Grp Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001). Rather, it means "something more like . . . willful, deliberate, or evidence of bad faith." *Id*. Thus, in the context of a Rule 60(b)(1) motion, "'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer . . . ." *U.S. v. Signed Personal Check No. 730 of Yurban S. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010). The party seeking to vacate the default judgment must present a "credible, good faith explanation" negating any intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process. *TCI Grp.*, 244 F.3d at 697-98.

Here, Defendant concedes that it had constructive notice of this lawsuit by admitting that Plaintiff served the Complaint and Summons on its designated service agent, Business Filing Inc. (Doc. 41 at 2). Defendant, however, contends that it did not receive actual notice, asserting that it did not receive any communication from Business Filing Inc. regarding the case. (*Id*.). Defendant explains that it became aware of the case when it was contacted by Garnishee regarding the Writ of Garnishment. (*Id*. at 2-3). These assertions are supported by an affidavit by Defendant's president. (Doc. 42 at 2-3).

Plaintiff argues that the affidavit from Defendant's president is insufficient to negate the issue of culpable conduct on behalf of Defendant because the president does not allege that only he could have handled receipt of lawsuits from its statutory agent. (Doc. 44 at 2). This mischaracterizes the affidavit. Defendant's president averred that:

- 4 -

"To my knowledge and belief, **Cavalry Staffing, LLC** never received a copy of the Complaint in the lawsuit at any time at our corporate offices in Ohio. **Cavalry Staffing has no record** of receiving any communication from Business Filing Inc. regarding Mr. Mays [sic] lawsuit." (Doc. 42 at 2) (emphasis added).

Plaintiff also argues that to meet its burden of negating culpable conduct, Defendant must offer "more than a figurative shrug of the shoulders and the statement that Defendant would have filed if it had only known about the lawsuit." (Doc. 44 at 2). Yet even if the undersigned found that Defendant "made a conscious choice not to answer," Defendant cannot be treated as culpable simply for having made that choice. *Mesle*, 615 F.3d at 1092. The undersigned finds that while Defendant's explanation for failing to answer is not necessarily strong, there is no evidence that Defendant "inten[ded] to take advantage of the opposing party, interfere[d] with judicial decisionmaking, or otherwise manipulate[d] the legal process." *Id*. at 1092-93. In addition, Defendant took prompt action in seeking to set aside the default after allegedly first learning about the lawsuit from Garnishee. Garnishee was served the Writ of Garnishment and Summons on August 12, 2015 and filed its Answer on September 16, 2015 (Doc. 37). On October 7, 2015, Defendant filed its Motion to Set Aside Default Judgment (Doc. 41). The undersigned finds that the culpable conduct factor weighs in favor of setting aside default.

### 2. Meritorious Defense

In order to justify an order setting aside a default, a defendant must "present the district court with specific facts that would constitute a defense." *Franchise Holding II, LLC v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004) (citing *Madsen v. Bumb,* 419 F.2d 4, 6 (9th Cir. 1969)). The burden of showing a meritorious defense, however, is minimal. *Mesle*, 615 F.3d at 1094. "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense . . . ." *Id*. In this context, courts leave questions regarding the truth of any such factual allegations for a later stage in the

litigation. *Id.* (citing *TCI Grp.*, 244 F.3d at 700).

Here, Defendant states that it intends to defend this action by showing that it terminated Plaintiff's employment because Plaintiff threatened physical harm against another employee. (Doc. 41 at 6). Defendant's Motion incorporates a letter written by the employee who terminated Plaintiff. (Doc. 42 at 6-9). The letter asserts that Plaintiff received the same disciplinary action (i.e. termination) as other employees who have made physical threats and that the actions were based solely on the employees' conduct, not on racial bias. (*Id*. at 7).

Plaintiff argues that Defendant has failed to establish a meritorious defense because "Defendant has failed to offer anything other than hearsay to support its Motion." (Doc. 44 at 2). To reiterate, the burden of showing a meritorious defense in the context of a Rule 60(b)(1) motion is minimal. Defendant has made more than conclusory statements or a general denial. *Franchise Holding II*, 375 F.3d at 926. Defendant has alleged enough facts that, if true, would constitute a defense to Plaintiff's claims that he was treated disparately and terminated because of his race. Defendant has alleged that (i) Plaintiff threatened physical harm against another employee who directed a racial slur at Plaintiff; (ii) the employee who made the racial slur was disciplined, but was not terminated because the employee did not threaten physical harm; (iii) Plaintiff was terminated in accordance with company policies; and (iv) actions taken against Plaintiff were not based on Plaintiff's race. (Doc. 41 at 6; Doc. 42 at 7-8; Doc. 45 at 4). The undersigned finds that Defendant has met its burden in establishing a meritorious defense.

### 3. Prejudice

A finding of prejudice to the nonmoving party requires more than a simple delay in the resolution of the case. *TCI Grp.*, 244 F.3d at 701. "[T]he standard is whether the [plaintiff's] ability to pursue his claim will be hindered." *Id*. at 701 (alteration in original) (quoting *Falk,* 739 F.2d at 463). To be considered prejudicial, "the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or

greater opportunity for fraud or collusion." *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433–34 (6th Cir.1996) (cited in *TCI Grp.*, 244 F.3d at 701). "[M]erely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment," as "vacating the default judgment merely restores the parties to an even footing in the litigation." *TCI Grp.*, 244 F.3d at 701.

Plaintiff states that he has "sincere concerns" regarding potential lost evidence and the possible corporate realignment of Defendant. (Doc. 44 at 3). Plaintiff's concerns, however, are based on speculation. Plaintiff does not articulate any prejudice that is greater than the prejudice inherent in any delay associated with setting aside a default. The risk that Plaintiff "may be left suing an empty shell" (*Id*.) is as great now as it was when Plaintiff initiated this suit. Moreover, Plaintiff's concerns regarding lost "emails, files, personnel records, etc." (*Id*.) are countered by Defendant's production of the letter from the employee who terminated Plaintiff. Further, Defendant's statements that it should be "allowed the opportunity to question all parties involved" and that "[s]upervisors employed by [Defendant] should be given a chance to give their testimony about Plaintiff and his work history" suggests that Defendant has maintained Plaintiff's personnel records. (Doc. 41 at 6). The undersigned finds that the prejudice factor weighs in favor of Defendant.

### III. CONCLUSION

Because all three *Falk* factors weigh in favor of Defendant, the undersigned recommends that the Court grant Defendant's Motion to Set Aside Default Judgment (Doc. 41). Due to this recommendation, the undersigned grants Defendant's Motion to Stay Entry of Order to Allow Judgment Debtor to File a Rule 60 Motion (Doc. 38).

Accordingly,

**IT IS ORDERED** granting Defendant's Motion to Stay Entry of Order to Allow Judgment Debtor to File a Rule 60 Motion (Doc. 38).

**IT IS FURTHER ORDERED** denying Defendant's "Request for Oral Argument Re: Defendant's Motion to Set Aside Default Judgment" (Doc. 46).

**IT IS RECOMMENDED** that the Court grant Defendant's Motion to Set Aside Default Judgment (Doc. 41).

**IT IS FURTHER RECOMMENDED** that the default entered against Defendant on January 15, 2015 (Doc. 19) be set aside and the March 27, 2015 default judgment (Doc. 25) be vacated.

**IT IS FURTHER RECOMMENDED** that the Court order Defendant to file an answer to the complaint within twenty days of the date of the Court's order.

### EFFECT OF RECOMMENDATION

The above recommendations are not orders that are immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendations. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated this 3rd day of December, 2015.

_____
Eileen S. Willett
United States Magistrate Judge