WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Mays,<br><br>        Plaintiff,<br><br>v.<br><br>Cavalry Staffing LLC,<br><br>        Defendant. | No. CV-14-02593-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendant Cavalry Staffing LLC's Motion to Set Aside Default Judgment pursuant to Federal Rule of Civil Procedure 60(b).  (Doc. 41.) The Court referred the motion[1] to United States Magistrate Judge Eileen S. Willett for disposition.  Judge Willett issued a Report and Recommendation ("R & R") that the motion be granted on December 3, 2015.  (Doc. 50.)  Plaintiff Charles Mays timely filed objections to the R & R.  (Doc. 51.)  For the reasons set forth below, the Court adopts the R & R in full.

**BACKGROUND**

Neither party objects to the factual and procedural background as set forth by the R & R.  (Doc. 50.)  The Court thus adopts it.

On October 7, 2015, Defendant filed a Motion to Set Aside Default Judgment pursuant to Rule 60(b)(1).  (Doc. 41.)  Defendant contends that its failure to answer Plaintiff's complaint constitutes "excusable neglect," is exempted under the Rules, and

---

[1] The Court also referred a previous related Motion to Stay, which the court granted and which is not at issue here.  (Docs. 38, 39.)

thus the Court's entry of default judgment should be vacated. The Magistrate Court agreed and recommended granting Defendant's motion. (Doc. 50.)

## DISCUSSION

**I.  Legal Standard**

A "district judge may refer dispositive pretrial motions . . . to a magistrate, who shall conduct appropriate proceedings and recommend dispositions." *Thomas v. Arn*, 474 U.S. 140, 141 (1985); *see also* 28 U.S.C. § 636(b)(1)(B); *Estate of Connors v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993). Any party "may serve and file written objections" to the R & R. § 636(b)(1). "A judge of the court shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." *Id.*; *see also* Fed. R. Civ. P. 72(b). A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).

**II.  Analysis**

Rule 60(b) is "remedial in nature and therefore must be liberally applied." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) (per curiam). A "judgment by default is a drastic step appropriate only in extreme circumstances; [thus] a case should, whenever possible, be decided on the merits." *Id.* The Court's analysis of a Rule 60(b) motion is guided by the consideration of the following three-factors: (1) whether culpable conduct of the Defendant led to the default, (2) whether the Plaintiff will be prejudiced, and (3) whether the Defendant has a meritorious defense. *Id.* After applying that legal framework, the R & R recommended finding in favor of Defendant on all three factors. Plaintiff raises two objections to the R & R.

Plaintiff first objects to the sufficiency of an affidavit submitted by the Defendant's President David Stanley, which the Magistrate Court relied upon when finding that Defendant's failure to answer constituted "excusable neglect." Plaintiff argues that the affidavit fails to address various specifics about the Defendant's receipt of service; for example, who specifically is to receive documents from Defendant's

1  designated service agent Business Filings.  The Court finds the affidavit satisfactory.  Mr.
2  Stanley, who, as Defendant's President, is an individual with the authority to speak on
3  behalf of the Defendant as a whole, asserted as a sworn statement of fact:  "To my
4  knowledge and belief, [Defendant] never received a copy of the Complaint in the lawsuit
5  at any time at our corporate offices in Ohio.  [Defendant] has no record of receiving any
6  communication from Business Filing Inc. regarding [Plaintiff's] lawsuit."  (Doc. 42 at 2.)
7  Mr. Stanley further averred:  "Any lawsuit filed against [Defendant] should have been
8  brought to my attention.  I was never made aware or told that [Plaintiff] filed suit against
9  [Defendant] by anyone in my employ or otherwise until I was made aware of an attempt
10 to collect on a judgment against [Defendant] being made by [Plaintiff]."  (*Id.*)  Plaintiff
11 presents no counter evidence or legal argument undermining the credibility or validity of
12 Mr. Stanley's affidavit.  Rather, Plaintiff seems to assert that because he properly served
13 Defendant's agent, Defendant must present more evidence than an affidavit from its
14 President to show "excusable neglect."  However, without any legal basis for his
15 assertion, the Court finds the affidavit sufficient.  It is credible and relevant to
16 Defendant's motion; moreover, it supports the finding of "excusable neglect," because it
17 supports finding that the Defendant did not engage in any "willful, deliberate, or . . . bad
18 faith" conduct with the intent to take advantage of Plaintiff or to subvert the legal
19 process.  *See TGI Grp. Life Ins. Plan v. Kroebber*, 244 F.3d 691, 697–98 (9th Cir. 2001).

20         Plaintiff's also contests the R & R's "finding that Plaintiff will not suffer prejudice
21 due to the delay."  (Doc. 51 at 2.)  "To be prejudicial, the setting aside of a judgment
22 must result in greater harm than simply delaying resolution of the case.  Rather, the
23 standard is whether plaintiff's ability to pursue his claim will be hindered."  *TGI Grp.*
24 *Life Ins. Plan*, 244 F.3d at 701 (internal quotation marks, citations, and modifications
25 omitted).  Truly prejudicial delay causes tangible harms like the loss of evidence,
26 discovery difficulties, or "greater opportunit[ies] for fraud or collusion."  *Id.* (quoting
27 *Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 433–34 (6th Cir. 1996)).  Plaintiff
28 raises two insufficient objections; the first based on speculation and the second based on

inconvenience. Plaintiff surmises that evidence may be lost when he asserts that "Defendant did not articulate at all what evidence had been preserved . . . ." (Doc. 51 at 2.) Without any direct or circumstantial proof of spoliation of other loss of evidence, the posture of this case is not different from when Plaintiff filed his complaint. Discovery has not begun and Plaintiff presents no reason beyond delay that this Court should conclude that Plaintiff will suffer a tangible harm like loss of evidence if this lawsuit is revived and decided on its merits. Plaintiff's second argument relies on inconvenience; since the Court entered default judgment, Plaintiff reasonably desires to hold on to the benefit of his judgment, *i.e.*, the over $80,000 being held by the Garnishee. However, "being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment. For had there been no default, the plaintiff would of course have had to litigate the merits of the case, incurring the costs of doing so." *TCI Grp. Life Ins. Plan*, 244 F.3d at 701.

Nothing about Defendant's conduct or the consequence of vacating the Court's default judgment rises to the requisite "extreme circumstance" which supports leaving the default judgment in place.[2]

## CONCLUSION

In the end, "vacating the default judgment merely restores the parties to an even footing in the litigation." *Id.* After *de novo* review of Plaintiff's objections, the Court is convinced that the Magistrate Court properly considered Mr. Stanley's affidavit and properly found that the "prejudice factor weighs in favor of Defendant." (Doc. 50 at 7.) In light of the fact that Plaintiff did not object to any of the R & R's other findings, the Court adopts the R & R in its entirety.

**IT IS HEREBY ORDERED** that the Court **ADOPTS** the R & R (Doc. 50); thus:

1. The Court **GRANTS** Defendant's Motion to Set Aside Default Judgment (Doc. 41).

---

[2] Plaintiff's request for an evidentiary hearing is denied as the issue has been fully briefed and the utility of such a hearing is outweighed by its dilatory and costly effect.

- 4 -

    2.    The Court sets aside its default finding against Defendant on July 15, 2015 (Doc. 19).

    3.    The Court vacates its default judgment entered against Defendant on March 27, 2015 (Doc. 25) and the Clerk of Court is directed to reopen this action.

    4.    The Court orders that Defendant file an answer to Plaintiff's complaint within 21-days of this Order.

Dated this 6th day of June, 2016.

_____
Honorable G. Murray Snow
United States District Judge